IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD E. COOKS,** | : CIVIL ACTION NO. 1:21-CV-142 |
| **Plaintiff** | : |
| v. | : (Judge Conner) |
| **ERIC BRADLEY, WARDEN,** | : |
| **Defendant** | : |

## MEMORANDUM

Plaintiff Ronald Cooks ("Cooks"), an inmate confined at the United States Penitentiary, Canaan, in Waymart, Pennsylvania, ("USP-Canaan"), commenced this action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).[1] The sole named defendant is Warden Eric Bradley. Cooks seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 8). Pursuant to the Prison Litigation Reform Act ("PLRA"),[2] the court will perform its mandatory screening of the complaint and, for the reasons set forth below, will grant the motion to proceed *in forma pauperis* and dismiss the complaint with leave to amend.

---

[1] In Bivens, the United States Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.

[2] The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

I.  **Legal Standards**

   A.  **Screening and Dismissal of Complaints**

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This initial screening is to be done as soon as practicable and need not await service of process. See id. If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) of the Federal Rules of Civil Procedure

provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient

to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**B. Bivens Claims**

A Bivens civil rights action asserted under § 1331 is evaluated using the same standards applicable to a § 1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

**II. Discussion**

**A. Cooks' Complaint**

Cooks filed this Bivens action against Eric Bradley, the Warden of USP-Canaan. The sole allegation in the complaint is as follows: "I learned—I was being deprived of benefit(s) to have as financial means established by act of congress. Trustee(es) fail to do something required by duty; as under a contract or by law." (Doc. 1 at 4). He alleges that he suffered harm in the form of "emotional strain." (Id. at 5). Cooks is raising claims under the Fifth and Fourteenth Amendments of the United States Constitution. (Id.)

Cooks fails to provide any specific factual allegations to support his legal claim of a Fifth or Fourteenth Amendment violation against defendant Bradley. Under the most liberal construction, Cooks' complaint fails to state a claim for relief. It neither sets forth the time of the alleged violations to his rights nor does it provide any specific factual averments explaining how his constitutional rights were violated. It also does not identify the particular conduct that harmed him. This form of pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief. See Hudson v. City of McKeesport, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

Based upon the above legal standards, it is clear that any claims against defendant Bradley are subject to dismissal based on Cooks' failure to set forth any factual allegations against him in the complaint. Without such factual allegations, it is impossible to conclude that defendant Bradley deprived Cooks of any constitutional rights. As such, the present complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as Cooks fails to state a claim upon which relief may be granted.

**B.     Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the

"principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). The court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. The court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, Cooks will be permitted leave to amend his complaint. Cooks is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth his claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. It should sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

### III.     Conclusion

Cooks' motion (Doc. 8) to proceed *in forma pauperis* will be granted. The complaint (Doc. 1) will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Cooks will be granted twenty (20) days leave in which to file an amended complaint. Failure to file an

amended complaint within the time prescribed above will result in dismissal of this action.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:	April 12, 2021